MARY STONE *vs.* CHARLES GERRISH, Administrator.

No action can be maintained against an administrator upon an instrument under seal, exe-
cuted and delivered by his intestate in presence of two witnesses, in which, in considera-
tion of love and good will to A. B., deceased, and of services by him performed in his
lifetime, the intestate directed his administrator to pay to the widow of A. B. a specified
sum of money.

CONTRACT on the following instrument:

" Be it known that I, Rebecca S. Warner, in consideration of
the love and good will I bore my late nephew, Warren F. Stone,
deceased, and in consideration of services by him performed in
his lifetime, hereby order and direct my executors or administra-
tors to pay to the widow of said Warren F. Stone, for her bene-
fit and for the benefit of her children, and for her and their use,
a sum of money equal to the proceeds of a wood-lot owned by
me, situated in Groton, and near the depot of the Fitchburg
Railroad.

" Witness my hand and seal, at Groton, this sixteenth day of
February, A. D., 1858.          Rebecca S. Warner. [Seal.]

" In presence of Willard Torry, Bame Torry."

The declaration alleged that Rebecca S. Warner, in her life-
time, executed the above instrument and delivered it to the
plaintiff; that said Rebecca afterwards died, and the defendant
was duly appointed administrator of her estate; that her estate
was solvent; that the plaintiff is the widow of the said Warren F.
Stone; that the proceeds of the said wood-lot are worth the sum
of one thousand dollars; that since the appointment of the de-
fendant as administrator, she has demanded of him, as such ad-
ministrator, a sum of money equal to the proceeds, or equal to
the value, of said wood-lot, which he has refused and neglected
to pay; and that more than one year and less than two years
had elapsed at the time of the commencement of this action
ince the defendant gave bond for the discharge of his trust as
administrator.

The defendant demurred to the declaration, assigning for
cause that the instrument declared on is void, and of no legal

effect, and no action at law can be maintained thereon. In the superior court *Rockwell*, J. sustained the demurrer, and the plaintiff appealed.

*G. S. Boutwell*, for the plaintiff.

*T. H. Sweetser*, for the defendant.

Merrick, J.  The difficulties in the way of maintaining an action upon the instrument, of which a copy is annexed to the declaration, are insuperable.  It is not in terms, nor is it claimed to be in fact, a testamentary disposition, either as a *donatio causa mortis*, or otherwise, of any part of the estate of the person by whom it was executed.  But if, because it is under seal, a consideration is necessarily and conclusively implied, and, therefore, the party to whose use and for whose benefit the sum of money referred to is directed to be paid may recover such sum in a civil action, there is a method by which the provisions of the statute regulating the manner in which wills, to be valid, shall be executed, may be effectually evaded.  No one will contend that this can be done.  If a will be not executed in conformity to the requirements of the statute, it has no force or effect, and the whole estate of the deceased descends to the heirs at law, and is to be distributed accordingly.

The instrument signed by the defendant's intestate certainly is not a contract; it does not even purport to be so.  She is the only party to it.  It is a mere attempt to make a gift after her decease out of her estate to a third person.  The paper not only does not appear upon its face, or in its contents, to be the result of a previous negotiation between herself and any one else, but the implication from it is very strong that there was none, and that the instrument was made and executed not as evidence, or as a specification of the terms, of any bargain or contract between two persons, but solely as a declaration of her own will and purpose.  It is very plain that there was no consideration to support any promise to the plaintiff.  She had rendered no service, incurred no expense, foregone no advantage and suffered no loss in consequence of the making, execution or delivery of the instrument.  But the consideration is in the paper itself declared to have arisen from a different source, and

to be the love and good will which the maker of it bore to her nephew, and the services which he had rendered in her behalf. If these services were mere acts of kindness and voluntary aid, never intended by either party to be the subject of compensation, it is certainly very questionable whether they would have been a good legal consideration for a promise of payment even to him; surely not of a promise to a third person. But supposing an indebtedness to have been created thereby, the debt still remains an outstanding claim against her estate, and is not released, discharged, or in any manner affected by the acceptance of this instrument by the plaintiff; and would continue an equally valid claim after the payment to her of all that she seeks to recover by force of it. Neither the intestate nor her heirs at law, therefore, avoided any responsibility by making the instrument; nor could any advantage be derived to them by a compliance by her administrator with the request contained in it. In short, it is not a contract. No obligation is assumed by it; no obligee or payee is named in it; but it is a mere voluntary request, unsupported by any legal or sufficient consideration, and upon it no action can be maintained. The demurrer to the declaration was therefore rightly taken, and must be sustained.